**Pyle License**

*John C. Butera,* for appellant.

*W. Edward Bushong,* for Commonwealth.

KURTZ, J., December 4, 1970.—On September 8, 1970, the Secretary of Revenue of the Commonwealth suspended the operating privileges of the above-named appellant for a period of six months effective September 15, 1970, for his refusal to submit to a chemical test of his breath on August 14, 1970, when he was apprehended and arrested as one operating a motor vehicle while under the influence of intoxicating liquor by the police of Lower Merion Township, Montgomery County, Pa. He has appealed from that order of suspension.

## FINDINGS OF FACT

1. On August 14, 1970, at about 5:20 a.m., the appellant, Richard Pyle, was operating his automobile in a southerly direction on City Line Avenue in the vicinity of Presidential Boulevard in Lower Merion Township, Montgomery County, Pa., at which time and place he attempted to turn his automobile into the Marriott Motel, and in so doing struck the curb, a traffic island, and damaged shrubbery there planted.

2. Patrolman Edward G. Tilton, who witnessed the operation described above from a distance of about 200 feet, went to the place where appellant's automobile came to a stop and there observed that he

was disoriented, had an odor of alcohol upon his breath, his eyes seemed glazed, he wore only one shoe, and he said that he had just left a party at the Marriott. In addition, appellant staggered and had to lean upon his automobile in order to stand.

3. Having made this observation, appellant was placed under arrest charged with having operated his motor vehicle while under the influence of intoxicating liquor, after which he was taken to the Bryn Mawr Hospital and later to the headquarters of the Lower Merion Police force. At each of these locations he was asked to have his breath tested for alcohol by blowing into a balloon so as to obtain a sample.

4. Upon being asked to submit the sample of his breath, appellant said that because he was operating his automobile under the authority of a Maryland operator's license he believed he did not have to take the test. He also asked if he had a choice and if he could see a doctor who was named. Upon a refusal to call the doctor (whether the refusal was made by the police or by the interne who saw him at the Bryn Mawr Hospital is not clear), appellant refused to submit to the test suggested.

5. At those times when appellant was asked to submit to the chemical test of his breath, there was testing equipment available at the police station in Lower Merion Township which had been approved by the Secretary of Revenue of this Commonwealth for the making of such tests. Officer Tilton was at that time a person qualified to operate the devices and equipment used in such testing, a certification of the Secretary of Revenue to that effect having been made a part of this record.

6. This is the second suspension of plaintiff's operating privileges in Pennsylvania. Under date of October 14, 1969, that privilege was suspended for

three months on a charge of operating at a speed of 87 miles per hour in a 65-mile-per-hour zone. The privilege was restored on January 12, 1970.

## DISCUSSION

The Act of Assembly adopted July 28, 1961, P. L. 918, sec. 1, as amended, 75 PS §624.1, provides:

"(a) Any person who operates a motor vehicle . . . in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath for the purpose of determining the alcoholic content of his blood: Provided, That the test is administered by qualified personnel with equipment approved by the secretary at the direction of a police officer having reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor . . . If any person is placed under arrest and charged with the operation of a motor vehicle . . . while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle . . . with or without a hearing . . .

"(g) The person tested shall be permitted to have a physician of his own choosing then and there administer a breath or blood chemical test in addition, and the results of such tests shall also be admissible in evidence."

The contention is here made that because appellant requested the presence of a physician at or about the time he was asked to take the test in this case, and because that physician did not appear and conduct a test for him, his operating license cannot now be suspended under the authority of the statute quoted above. We do not agree with this contention.

In our view, compliance with the provisions of subsection (g) is not a condition precedent to the testing provided for in subsection (a). Neither does the failure to obtain a test contemplated by the provisions of subsection (g) render the provision of subsection (a) inoperable. We think that these sections may be read independently.

It may be that a refusal to permit a test under the provision in subsection (g) will preclude the use of results of testing as evidence against a defendant in the prosecution of one charged with operating while under the influence of liquor. But that is not the situation now before us. On this application, we are only concerned with whether appellant was asked to take the chemical test of his breath and whether he refused so to do. The evidence amply justifies our finding that he was asked to submit to that testing and that he did refuse. Accordingly, the order from which he now appeals is affirmed.